**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHARLES BLAKE, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  2:07-cv-00620

ACE AMERICAN INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' unopposed Motion to Remand [Docket 9]. For reasons set forth below, the plaintiffs' motion is **DENIED**.

**I. Background**

This case arises from a dispute over insurance coverage for damages caused by an alleged land slippage. (Compl. ¶ 4- 6, Notice of Removal Ex. A.) The plaintiffs filed suit in the Circuit Court of Kanawha County, West Virginia, alleging that their home suffered damages in excess of $200,000 and that these damages were covered by an insurance policy issued by the defendant. (Compl. ¶ 8-9.) The plaintiffs sought compensatory and punitive damages. (Compl. ¶ 9.) On October 4, 2007, the defendant removed the case to this court. The alleged basis for jurisdiction is diversity under 28 U.S.C. § 1332. (Notice of Removal ¶ 11.) On January 24, 2008, the plaintiffs moved to remand the case to state court. In support of remand, the plaintiffs argue that after they brought suit, they learned that the maximum they could recover under the insurance policy is less than $48,000. (Mot. to Remand ¶ 2.) Thus, the plaintiffs argue, they cannot recover more than $75,000, and this court lacks subject matter jurisdiction. (*Id.* at ¶ 4-6.) On March 5, 2005, the parties signed and filed a Joint

Stipulation [Docket 13]. In this document, the parties stipulated that the lawsuit would be limited to the plaintiffs' claims under certain insurance policies and that all other claims against the defendant, including punitive damages, were waived. (Joint Stipulation.) The parties also stipulated that the policy limits were, in aggregate, $58,773.12. (*Id.*) As a result of the stipulation, the defendant did not oppose the plaintiffs' motion to remand. (Def.'s Resp. [Docket 14].)

## II. Discussion

There is no time limit for filing a motion to remand based on lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Thus, the plaintiffs' motion is not untimely, despite it being filed several months after the case was removed to federal court.

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Courts construe removal jurisdiction strictly because of the significant federalism concerns removal implicates. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148 , 151 (4th Cir. 1994). In addressing the propriety or removal, courts look to "the record existing at the time the petition for removal was filed." *Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)). A court "may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *White v. J. C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994). Importantly, "in reaching a conclusion with regard to the amount in controversy based upon this evidence, the court 'is not required to leave its common sense behind.'" *Sayre*, 32 F. Supp. 2d at 886-87 (quoting *Mullins v. Harry's Mobile Homes Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994)).

Here, the complaint alleges that, at a minimum, the damages are $200,000, which is well above the jurisdictional amount. Consequently, this court has subject matter jurisdiction. The plaintiffs' argue that the court lack subject matter jurisdiction because the parties have stipulated that the insurance policies at issue only cover up to $58,773.12 and the plaintiffs' claim for punitive damages has been waived. The post-removal joint stipulation has no effect on the court's subject matter jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("And though . . . the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *cf. Porsche Cars N. Am., Inc. v. Porchse.net*, 302 F.3d 248, 255-56 (4th Cir. 2002) ("[A] court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)).

Moreover, in at least one prior case, this court refused to allow a post-removal stipulation to defeat removal. *See Smith v. Booth*, Case No. 2:07-cv-553, 2007 WL 2963776, at *3 (S.D. W. Va. Oct. 9, 2007) (Goodwin, J.) (remanding on other grounds). In *Booth*, this court found persuasive the reasoning set forth in *McCoy v. Erie Insurance Co.*, 147 F. Supp. 2d 481(S.D. W. Va. 2001) (Haden, J.). There, Judge Haden determined that in order to avoid "unseemly forum gaming," a plaintiff wishing to avoid removal should file "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy*, 147 F. Supp. 2d at 485.

Some courts in this circuit have considered post-removal stipulations as to the amount in controversy when the plaintiff's claims are "indeterminate." *See Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D. N.C. 1997). "The implicit premise is that until jurisdiction becomes

determinate, the court may consider any evidence of the amount in controversy." *Id.* This theory is inapplicable in this case, however, because the plaintiffs' claims are not indeterminate. Rather, the plaintiff alleges a specific dollar amount that exceeds $75,000. As the court in *Gwyn* recognized, "if a court can find the amount in controversy from the face of the complaint, the normal rule still applies: a later stipulation by the plaintiff is irrelevant." *Id.*

Because jurisdiction exists, and because there is no other defect in the notice of removal, the court is obligated to exercise the jurisdiction conferred on it by Congress unless there is reason for the court to abstain. It does not appear, though, that any of the typical bases for federal court abstention are present in this case. The issue - insurance coverage - while one of state law, does not appear to be unclear or particularly complex. Nor is there any suggestion that hearing this case would cause the court to interfere with pending state proceedings or result in duplicative litigation.

Perhaps the best argument in favor of remand is to make an analogy between this situation and instances where a court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). Under § 1367(c) a district court may dismiss or retain state law claims when the federal basis for an action drops away. *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). In Shanaghan, the Fourth Circuit stated that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state law claims when all federal claims have been extinguished." *Id.* at 110. Moreover, "[t]here is no way to distinguish a reduction of the amount in controversy from the disappearance of a federal claim as contemplated under § 1367." *Id.* The court went on to reason that "[t]here are no situations wherein a federal court must retain jurisdiction over a state law claim, which would not by itself support jurisdiction." *Id.*

Here, one could argue that because the parties have jointly stipulated that the amount in controversy is less than $75,000, the "federal" basis of the claim has disappeared and the court has discretion under *Shanaghan* to dismiss or remand the case. The problem with such an argument is that it ignores that *Shanaghan* was based explicitly on 28 U.S.C. § 1367(c), which relates to supplemental jurisdiction. The instant case, on the other hand, has nothing to do with supplemental jurisdiction, but is rather a straightforward case of removal based on diversity jurisdiction. Moreover, the Fourth Circuit has held that "Congress did not intent 'to extend carte blanche authority to the district court to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.'" *Kolibash v. Comm. on Legal Ethics of W. Va.*, 872 F.2d 571, 573 (4th Cir. 1989) (citing *Thermtron Prod., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976)).

I am aware that the parties agreed that the defendant would consent to remand in exchange for the plaintiffs dropping their punitive damages claim and limiting their potential recovery to the limits of the applicable insurance policies. Further, it is readily apparent that 1) neither of the parties has any desire to remain in federal court, and 2) this case will not involve more than $75,000. I am not anxious to spend time and resources adjudicating such a case. Nevertheless, I cannot remand a case simply because the parties have come to an understanding after removal. If the plaintiffs seriously wish to avoid federal court, and the defendant wants to limit the scope of its liability per the joint stipulation, the parties may consider stipulating to a dismissal.

### III. Conclusion

The plaintiffs' motion to remand is **DENIED**, and the court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 10, 2008

Joseph R. Goodwin, Chief Judge